UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Marvin Pines,

                Plaintiff,

–v–

Carolyn Colvin, Acting Commissioner of Social Security,

                Defendant.

13-CV-6850 (AJN)

MEMORANDUM
AND ORDER ADOPTING
REPORT AND
RECOMMENDATION

ALISON J. NATHAN, District Judge:

    Before the Court is Magistrate Judge Frank Maas's Report and Recommendation ("Report") regarding the cross-motions for judgment on the pleadings that Plaintiff Marvin Pines, Jr. ("Pines") and Defendant Commissioner of Social Security ("Commissioner") filed in the above-captioned case. Dkt. No. 27. Following *de novo* review, the Court agrees with Judge Maas's well-reasoned Report and adopts it in its entirety.

I.    **LEGAL STANDARD**

    District courts may designate magistrate judges to hear and determine certain dispositive motions and to submit proposed findings of fact and a recommendation as to those motions. 28 U.S.C. § 636(b)(1). Any party wishing to object to a magistrate judge's report and recommendation must do so within fourteen days after being served with a copy of the report and recommendation. *Id.* If a party submits a timely objection to a report and recommendation, the district court reviews *de novo* those portions to which the party objected. *Id.*; *see also Norman v. Astrue*, 912 F. Supp. 2d 33, 39 (S.D.N.Y. 2012). Otherwise, "[w]here no 'specific written objection' is made, the district court may adopt those portions 'as long as the factual and legal basis supporting the findings and conclusions set forth . . . are not clearly erroneous or contrary to law.'" *Norman*, 912 F. Supp. 2d at 39 (quoting *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226-27 (S.D.N.Y. 2008)). Because the Commissioner objects to

Judge Maas's Report as "legally incorrect," the Court reviews *de novo* those portions of the Report to which the Commissioner objects. (Pines did not submit an objection to Judge Maas's Report.)

## II. BACKGROUND

As noted, the Commissioner timely submitted an objection to Judge Maas's Report, Dkt. No. 28, to which Pines timely responded, Dkt. No. 30. Because the Commissioner only disputes Judge Maas's application of the law to the facts of this case and does not dispute Judge Maas's summary of the relevant facts, the Court adopts Judge Maas's recitation of the relevant facts, Report 6-14. The Court assumes familiarity with this material.

## III. DISCUSSION

Stated succinctly, the Administrative Law Judge ("ALJ") failed to properly develop the record as required under prevailing Second Circuit case law because he failed to apply the treating physician rule, which requires the ALJ to give good reasons for the weight accorded a treating physician's opinion. On the facts here, no reason—much less a good reason—was given for according no weight to a specific opinion of Pines's treating physician, which, when joined with the vocational expert's opinion, suggested Pines satisfied the statutory definition for disability. The proper remedy for such an error is a remand for further development of the record, as Judge Maas concluded. Although the Court agrees in full with Judge Maas's application of the law to the facts of this case, the Court takes this opportunity to augment his legal analysis with additional support. The Court then briefly explains why the Commissioner's legal citations are inapposite and do not undermine Judge Maas's application of the law.

### A. Disability Determination

As Judge Maas explained, the Social Security Act (the "Act") defines the term disability to mean the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner must

follow a five-step sequential process set forth in 20 C.F.R. §§ 404.1520 and 416.920, which the Second Circuit has summarized as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam)). As Judge Maas noted, "[t]he claimant bears the burden of proof with respect to the first four steps," Report 5 (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998)), but "[i]f the claimant sustains [his] burden at each of these steps, then the burden shifts to the Commissioner at step five," *id.* (citing *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)). There is no dispute that Pines satisfied his burden on the first four steps and that the determination at issue in this appeal occurred at step five under which the Commissioner bears the burden of proof.

### B. Duty to Develop the Record and the Treating Physician Rule

Although it is true that "whether a claimant is disabled and cannot work" is a matter "reserved for the Commissioner," *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citing 20 C.F.R. § 404.1527(e)(1)), the Commissioner is not accorded unfettered discretion in making this determination. Rather, the Act requires that an ALJ develop a complete medical history for a claimant covering the preceding twelve months. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(d), 416.912(d). This statutory requirement imposes an affirmative duty on the ALJ to develop the record. *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982).

"The 'treating physician rule' is inextricably linked to this affirmative duty to develop the record." *Jackson v. Colvin*, No. 13-CV-5655 (AJN) (SN), 2014 U.S. Dist. LEXIS 124378, at *41 (S.D.N.Y. June 11, 2014) (Netburn, M.J.), *adopted by* 2014 U.S. Dist. LEXIS 123779 (S.D.N.Y. Sept. 3, 2014)). Judge Maas properly noted that, under this rule, an ALJ must give the medical opinion of a treating physician "controlling weight" if that opinion "is well supported by medical findings and is not inconsistent with other substantial evidence." Report 17 (quoting *Rosado v. Barnhart*, 290 F. Supp. 2d 431, 438 (S.D.N.Y. 2003)); *see also Burnette v. Colvin*, 564 F. App'x 605, 608-09 (2d Cir. 2014) (summary order); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); *Snell*, 177 F.3d at 133; *Rivera v. Comm'r of Soc. Sec.*, 728 F. Supp. 2d 297, 327 (S.D.N.Y. 2010). Similarly, and as Judge Maas correctly noted, the Second Circuit has "emphasize[d] that under the regulations, *see* 20 C.F.R. § 404.1527(d)(2), the Commissioner is required to provide 'good reasons' for the weight she gives to the treating source's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004) (citing *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)). This requirement serves two salutary purposes: (1) it assists courts in their "review of the Commissioner's decision"; and (2) it "let[s] claimants understand the disposition of their cases." *Id.* (quoting *Snell*, 177 F.3d at 134). Due to the importance of the treating physician rule, the Second Circuit has made clear that it will "not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician[']s opinion and [it] will continue remanding when [it] encounter[s] opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Id.* This Court will do the same.

### C. Application of the Treating Physician Rule to the Facts

The Commissioner does not dispute that the ALJ failed to provide a good reason for the weight—apparently no weight—given to Pines's treating physician's opinion that he would likely miss three or more work days a month. The Commissioner contends instead that the ALJ's failure to provide a reason is irrelevant because an ALJ is not required to detail every basis for his decision and because the ALJ discussed the treating physician's evaluation of Pines

4

generally, which suggests that he was aware of the specific opinion that Pines would miss three or more work days a month. Were it not for the Second Circuit's clear directives noted above, and were it not for the materiality of Pines's treating physician's opinion in light of the vocational expert's testimony, the Commissioner might have a stronger argument.

As Judge Maas noted, the Commissioner heard testimony from a vocational expert that an individual who had difficulties maintaining a regular work schedule—specifically, an individual likely to be absent three times a month or more—would have a "profile" that was "not compatible with competitive work," which is relevant to step five in the disability determination regarding the availability of other work that the claimant could perform. R.[1] 48-50. Pines's treating physician, Dr. Izrayelit, indicated that, if employed, Pines would be absent from work more than three times each month. R. 348. There was also testimony from a psychologist, Dr. Haruyo Fujiwaki, who conducted a consultative psychiatric evaluation of Pines and concluded that Pines could "maintain a regular schedule." R. 268. Dr. Fujiwaki, however, did not indicate what he meant by "regular."

The Commissioner concluded at step five of his analysis that Pines had the residual functional capacity to perform jobs that existed in significant numbers in the national economy. R. 17-18. This conclusion was based on the vocational expert's testimony and the Medical-Vocational Guidelines. R. 17-18. But the ALJ did not discuss Dr. Izrayelit's opinion regarding Pines's likely absenteeism or explain why this opinion was discounted in light of other evidence presented. The Commissioner argues that the ALJ did not need to discuss Dr. Izrayelit's opinion because he could have properly concluded that Pines could maintain a "regular" schedule based on Dr. Fujiwaki's evaluation and other evidence regarding Pines's ability to do daily activities. Putting aside the ambiguity in Dr. Fujiwaki's use of the term "regular," which suggests that there may not have been an inconsistency between the two doctors' opinions, even if it were true that the ALJ credited Dr. Fujiwaki's opinion and other evidence in the record to discount Dr.

---

[1] "R" refers to the certified copy of the administrative record filed with the Commissioner's Answer. Dkt. No. 7.

Izrayelit's opinion, the ALJ was still required to provide "good reasons" for discounting Pines's treating physician's opinion. He provided none, leaving Pines and this Court to speculate as to why he accorded no weight to a treating physician's opinion that, when combined with the vocational expert's testimony, suggested Pines met the statutory definition of disability. This failure to mention such a material opinion from an applicant's treating physician is sufficient to find that the ALJ failed to develop the record, which requires a remand to allow him to do so. *Cf. Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004) ("It is not proper for the ALJ to simply pick and choose from the transcript only such evidence that supports his determination, without affording consideration to evidence supporting the plaintiff's claims. It is grounds for remand for the ALJ to ignore parts of the record that are probative of the claimant's disability claim." (collecting cases)).

The Commissioner argues that "[t]he Magistrate Judge cites no legal authority for his conclusion that an ALJ must individually address each of the numerous opinions in a doctor's report." Obj. 2. Judge Maas did not conclude that an ALJ must individually address each of the numerous opinions in a doctor's report; rather, he concluded that the ALJ must provide a good reason for the weight accorded to a treating physician's opinion, particularly if that opinion is material to the disability determination. As noted above, Judge Maas cited more than enough authority to support this legal conclusion. Moreover, the legal authority the Commissioner cites does not support the point of legal error she assigns to Judge Maas. For example, the Commissioner contends that "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered," Obj. 2, and she relies on *Brault v. Social Security Administration*, 683 F.3d 443, 448 (2d Cir. 2012), for this point. In *Brault*, the claimant objected to the vocational expert's testimony and faulted the ALJ for failing to address the objection in its ruling. 683 F.3d at 445-448. In response, the Second Circuit merely noted that "[a]n ALJ does not have to state on the record every reason justifying a decision." *Id.* at 448. But the Second Circuit did not alter, much less discuss, the long-standing rule that "the Commissioner is required to provide 'good reasons' for the weight she gives to the treating source's opinion." *Halloran*,

362 F.3d at 32-33. The Commissioner also cites *Halloran* for the proposition that the Second Circuit "has even refused to remand, despite an ALJ's failure to address a treating physician's opinions *at all*, because 'the substance of the treating source rule was not traversed.'" Obj. 2 (citing *Halloran*, 362 F.3d at 32). This is incorrect. The claimant in *Halloran* "argue[d] that the ALJ opinion [did] not expressly acknowledge the 'treating physician rule.'" 362 F.3d at 31. The Second Circuit agreed that the ALJ's opinion did not expressly discuss the rule, but, after undertaking a "searching review of the record," it "conclude[d] that the ALJ applied the substance of the treating physician rule.'" *Id.* at 32. The Second Circuit went on to provide the admonition discussed above that the Commissioner must provide "good reasons" for the weight given to the treating physician's opinion. Thus, Judge Maas correctly cited and applied the relevant legal authority, and the Commissioner's legal authority does not in any way call Judge Maas's legal analysis into doubt.

## IV. CONCLUSION

Because the Court agrees with Judge Maas that the Commissioner failed to properly apply the treating physician rule, the case should be remanded for further development of the record. Therefore, Judge Maas's Report is adopted in full: Pines's motion is GRANTED in part,[2] the Commissioner's cross-motion is DENIED, and this case is remanded pursuant to Section 205(g) of the Act for further proceedings consistent with this Order. This resolves Dkt. Nos. 10 and 20. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: March 25, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[2] Judge Maas did not reach Pines's two remaining assignments of error regarding the ALJ's decision. Report 22 n.10.